IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| MICHAEL J.G. SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12CV192–HEH |
| | ) | |
| MONICA M. JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**
(Dismissing 42 U.S.C. § 1983 Complaint)

Michael J.G. Saunders, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Plaintiff was a probationer at the time he filed the action, became reincarcerated during its pendency, but appears to have been released from incarceration and is now serving probation.[2] By Memorandum Order

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] On September 2, 2008, the Circuit Court of the County of Chesterfield, Virginia ("Circuit Court") convicted Saunders of two counts of consensual sodomy with juveniles. *See Saunders v. Virginia*, 753 S.E.2d 602, 605 (Va. Ct. App. 2014). The Court sentenced Saunders to five years of incarceration with five years suspended on each count. *Id.* On August 4, 2009, the Circuit Court found Saunders to have violated the conditions of his probation, revoked the suspended sentences, then re-suspended the sentences and returned Saunders to probation. *Id.* On August 22, 2012, the Circuit Court found Saunders guilty of violating his probation and imposed a three-year active period of incarceration. *Id.* at 606. As of March 19, 2013, Saunders

entered September 19, 2013, the Court directed Respondent Cuccinelli to file limited briefing on abstention. Respondent has filed a response arguing that this Court should abstain from exercising jurisdiction in the instant action. (Resp. 2, ECF No. 21.) The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th

---

reported a change of address to a non-institutional address. (*See* ECF No. 16.) Thus, the Court presumes that Saunders is again serving his term of probation.

2

Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua*

3

*sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   Summary of Allegations

Saunders raises twenty-seven claims challenging at least thirteen conditions of his probationary supervision against probation officers Monica Jones, Danny White, and Ron Cavanaugh, and Attorney General Kenneth T. Cuccinelli.[3] Saunders seeks suspension of certain conditions of his probation. Moreover, undergirding many of his claims is a challenge to the constitutionality of his statute of conviction for consensual sodomy with juveniles, section 18.2–306(A) of the Virginia Code.[4] Saunders seeks relief in the form of declaratory judgment, an injunction against enforcement of the terms of his probation, and demands $300,000.00 in damages. (Compl. 33–38.)

---

[3] Saunders raises challenges, *inter alia*, to the conditions that forbid him to purchase or consume alcohol or illegal substances (Compl. 9–10), have contact with minors without permission from his probation officer (*id.* at 10–12, 14–16), utilize online social networking without prior approval (*id.* at 13–14), and require completion of sex offender treatment (*id.* at 16–18).

[4] For example, Saunders challenges "Condition 1" which requires him to "'obey all Federal, State, and local laws and ordinances,' and by it's [sic] plain reading, incorporates Va. Code § 18.2–361(A)." (Compl. 6 (footnote omitted).) Saunders claims that "Plaintiff, who is bi-sexual, is prohibited by the imposition of Condition 1 incident Va. Code § 18.2–361(A), from engaging in consensual oral and anal sex, within the confines of his home and own private life with . . . individuals over the age of consent . . . ." (*Id.*; *see also id.* at 23–24).

### III. Analysis

Saunders's attempts to pursue civil remedies such as injunctive and declaratory relief under 42 U.S.C. § 1983 for conditions of his probation fails to state a claim and must be brought pursuant to 28 U.S.C. § 2254.[5] As explained more thoroughly below, Saunders's challenges are foreclosed in § 1983 because: (1) he remains "in custody" for purposes of § 2254; (2) the remedy of habeas corpus is available for Saunders to challenge his underlying sentence and conditions of probation; and (3) because habeas corpus is available, probationers must utilize that remedy to challenge the conditions of probation.

#### A. Saunders Satisfies the "In Custody" Requirement for Habeas

First, while Saunders is serving a probation sentence, he nevertheless remains "in custody" for the purposes of federal habeas corpus. *See Bishop v. Cnty. of Macon*, 484 F. App'x 753, 755 (4th Cir. 2012) (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)); *Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir. 1977). For persons serving probation sentences like Saunders, the terms and conditions of probation "are the confinement." *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *see Drollinger*,

---

[5] Challenges to the conditions of confinement must be brought pursuant to § 1983, while attacks on the fact or duration of confinement are appropriately brought by § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 490, 493 (1973). A § 2254 petitioner must be "in custody" and must exhaust the remedies available in state courts before bringing a federal collateral attack on his conviction and sentence. *See* 28 U.S.C. § 2254(a)–(c). Only the Seventh and Ninth Circuit Court of Appeals have addressed whether challenges to the conditions of probation or parole may be brought pursuant to § 1983. *Compare Williams v. Wisconsin*, 336 F.3d 576 (7th Cir. 2003), *and Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir. 1977) (finding such challenges must be brought by habeas corpus), *with Thorton v. Brown*, --- F.3d ----, 2013 WL 7216368 (9th Cir. Feb. 18, 2014) (finding challenges to parole conditions may be brought by § 1983). As discussed below, this Court agrees with the reasoning and conclusions employed by the Seventh Circuit.

552 F.2d at 1224. The requirements that Saunders stay in touch with his probation officer, maintain a job, refrain from purchasing or consuming alcohol or illegal substances, refrain from unapproved contact with minors, and other conditions of his probation, "are what distinguish [probation] from freedom. It is because of these restrictions that [probationers] remain 'in custody' on their unexpired sentences and thus may initiate a collateral attack while on [probation]." *Williams*, 336 F.3d at 579 (citing *Jones*, 371 U.S. at 242–43; *Maleng v. Cook*, 490 U.S. 488, 491 (1989)); *see Drollinger*, 552 F.2d at 1224. Thus, Saunders satisfies the jurisdictional prerequisite for bringing a habeas corpus action under § 2254. *Bishop*, 484 F. App'x at 755 (citation omitted); *Drollinger*, 552 F.2d at 1224.

### B. Saunders's Claims Are Barred by *Heck*

In the prison context, § 1983 provides a remedy to challenge the conditions of confinement, but not the fact or duration of confinement. *See id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490, 499 (1973)). Instead, attacks on the fact or duration of confinement by a state prisoner must be brought by § 2254. *See Preiser*, 411 U.S. at 484, 490. Moreover, claims that necessarily imply the invalidity of the inmate's conviction or sentence are not cognizable in § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

6

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court has explained that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The first question this Court must ask is whether Saunders's claims necessarily imply the invalidity of his sentence. *Heck*, 512 U.S. at 487.

Saunders's challenge to the terms and conditions of his probation is an attack on the sentence imposed by the Circuit Court and thus, necessarily implies the invalidity of his sentence. *See Drollinger*, 552 F.3d at 1225; *D'Amario v. Weiner*, No. 12–6098, 2014 WL 1340022, *4–6 (D. N.J. Apr. 3, 2014); *cf. Bass v. Mitchell*, No. 93–1414, 1995 WL 244043, at *1 (8th Cir. Apr. 28, 1995) (emphasis in original) (holding that a challenge to "a condition of his continued parole . . . 'must properly be brought by means of a petition

for *habeas corpus*'" (quoting *Drollinger*, 552 F.2d at 1224–25)). In Virginia, the Circuit Court imposes periods of probation. The grant of probation is a discretionary act and serves as an alternative to incarceration, and the Circuit Court "may place the defendant on probation under such conditions as the [Circuit Court] shall determine . . . ." Va. Code Ann. § 19.2–303 (West 2014). The Circuit Court "may impose terms and conditions of supervision as it deems appropriate, including that the offender abide by any additional requirements of supervision imposed or established by the local community-based probation services during the period of probation supervision." *Id.* § 19.2–303.3(B). The Circuit Court "may subsequently increase or decrease the probation period and may revoke or modify any condition of probation . . . ." *Id.* § 19.2–304. For violations of the terms of probation, the Circuit Court "may revoke all or part of the suspended sentence and supervision, and commit the offender to serve whatever sentence was originally imposed or impose such other terms and conditions or probation as it deems appropriate . . . ." *Id.* § 19.2–303.3(C). Thus, under Virginia law, the conditions of probation Saunders challenges are part of the sentence imposed by the Circuit Court, and habeas relief is the exclusive remedy available for those challenges. *See Drollinger*, 552 F.3d at 1225; *see also Thornton*, 2013 WL 7216368, at *7–8 (explaining that habeas corpus is the exclusive remedy when the challenged probation "condition was part of the sentence imposed by state court").

While challenges to conditions of probation "may at first glance appear an appropriate subject matter for a § 1983 suit[,] . . . . the nature of custody while in prison

8

differs significantly from that experienced while on probation." *Drollinger*, 552 F.3d at 1224–25. For Saunders,

> the terms of [his] custody encompass not only the length of time [he] must spend on probation, but also the specific activities of [his] daily routine. Because probation is by its nature less confining than incarceration, the distinction between the fact of confinement and the conditions thereof is necessarily blurred. The elimination or substitution, for example, of one of the conditions of [Saunders's] probation would free [him] substantially from [his] confinement; figuratively speaking, one of the 'bars' would be removed from [his] cell. The release from such custody, even if only partial, is the traditional function of the writ of habeas corpus.

*Id.* at 1225 (citation omitted); *see also Williams*, 336 F.3d at 580; *Clark v. Pritchard*, 812 F.2d 991, 996–97 (5th Cir. 1987); *D'Amario*, 2014 WL 1340022, at *4–6. Here, Saunders challenges at least thirteen different conditions of his probation. The remedy Saunders seeks, removal of those thirteen conditions, would effectively free him from his probation sentence.

As discussed above, *Heck* applies in the context of a person who is serving a probation sentence. Thus, to bring a claim under § 1983, Saunders must demonstrate that his conviction or sentence has been invalidated. Because the remedy of habeas corpus is available for Saunders to challenge his underlying sentence and conditions of probation, as he remains "in custody," Saunders must utilize that remedy to challenge the conditions of probation. *See Bishop*, 484 F. App'x at 755.[6] Saunders may not "end-run" the

---

[6] In *Bishop*, the United States Court of Appeals for the Fourth Circuit emphasized that *Heck*'s bar applies in the context of probationary sentences. Bishop, a former probationer, argued that because the court sentenced him to only a probation sentence, he "was [n]ever in custody, a habeas action was not available to [him], and . . . *Heck* is inapplicable as a bar to [his] claims." *Bishop*, 484 F. App'x at 755. Bishop also argued that whether or not probation satisfied the custody requirement was "irrelevant because he [had] completed probation and [was] no longer eligible to pursue habeas relief." *Id.* Contrary to Bishop's assertions, the Fourth

9

traditional remedy for challenging his sentence, habeas corpus, by bringing his challenges under § 1983. *See id.*

Because Saunders remains "in custody," and his challenges to the terms and conditions of his probation and claims seeking monetary damages necessarily imply the invalidity of the sentence imposed by the Circuit Court, *see Heck*, 512 U.S. at 499, his challenges are the proper subject for habeas corpus instead of a civil rights suit. *See Drollinger*, 552 F.3d at 1225; *Clark*, 812 F.2d at 996–99 (Hill, J., concurring).[7]

---

Circuit noted that "[b]ecause [Bishop] was on probation, he satisfied the custody requirement for habeas relief." *Id* (citation omitted). The Fourth Circuit further explained that Bishop's term of probation was thirty-six months, Bishop failed to pursue habeas relief during that time, and provided no argument that habeas was unavailable to him during that period. *Id.* The Fourth Circuit concluded that a plaintiff may not "end-run *Heck* by simply sitting on his rights until all avenues for challenging a conviction have closed." *Id.*

[7] The Court notes that the Court of Appeals of Virginia recently rejected Saunders's constitutional challenge to his underlying conviction for which the instant term of probation was imposed. *Saunders v. Virginia*, 753 S.E.2d 602, 605 (Va. Ct. App. 2014). Saunders noted his appeal to the Supreme Court of Virginia on March 31, 2014. Thus, the doctrine in *Younger v. Harris*, 401 U.S. 37 (1971) also precludes review of Saunders's claims.

*Younger* provides that it is inappropriate for the Court to address a claim if it would interfere with a pending state judicial proceeding absent extraordinary circumstances. *See Beam v. Tatum*, 299 F. App'x 243, 246 (4th Cir. 2008) (citation omitted). The *Younger* abstention doctrine "expresses a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993) (citations omitted) (internal quotation marks omitted). "*Younger* mandates that a federal court abstain from exercising jurisdiction and interfering with a state . . . proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (footnote omitted) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003)). All three elements of the inquiry are satisfied here, as Saunders has ongoing state litigation challenging the constitutionality of his underlying conviction, *see Saunders*, 753 S.E.2d at 611, his challenges to the constitutionality of his conviction and terms of probation raise a substantial state interest, and the state court provides an adequate opportunity to raise these challenges. *See Nivens*, 444 F.3d at 241; *Beam*, 299 F. App'x at 248; *cf., Pratt v. Hogan*, 631 F. Supp. 2d 192 (N.D. N.Y. 2009) (finding abstention appropriate for challenge to

10

## C. Conclusion

Accordingly, Saunders's claims will be dismissed without prejudice as legally frivolous. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                       /s/
                                       HENRY E. HUDSON

Date: May 22, 2014               UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

court-mandated constitutionality of sex offender treatment program). While Saunders failed to raise the instant challenges to his terms of probation in his current state proceedings, it is "abundantly clear" that Saunders had an opportunity to present these claims in his state proceedings, and "[no] more is required to invoke *Younger* abstention." *Juidice v. Vail*, 430 U.S. 327, 337 (1977).

11